MARLBOROUGH MANUFACTURING & SUPPLY CO., Respondent, v. JENNIE M. BOCCHINO, as Administratrix of the Estate of THOMAS G. BOCCHINO, Deceased, Appellant.— Reargument of an appeal from an order of Special Term, Supreme Court, Ulster County. In the decision of October 6, 1955, in this case (286 App. Div. 1060) the court reversed an order of the Special Term which had denied application by the defendant's intestate, then the defendant, to open a default judgment. We granted the motion and vacated the judgment which had been entered against him. On reargument it is shown that the original defendant has died and his administratrix is now the defendant. His estate seems to be insolvent. The action is for goods sold and delivered and the issue is whether they were sold to the decedent or to his son. An adequate examination of this question would involve proof of personal transactions with the decedent; and in view of the provisions of section 347 of the Civil Practice Act, plaintiff would not be able to prove essential elements of its case if there is a trial. In opening the default we were exercising a discretion to allow a trial of the issues where the controversy, as we then understood it, could be fully litigated between the parties on an equal basis in respect of the availability of proof. There were long delays by the decedent in dealing with the default; the reasons for default were not compelling; and we think that in a balance of the respective claims of fairness between the parties, as they now stand before the court, the default ought not be opened and the judgment allowed by defendant's intestate during his lifetime to be entered against him should stand. Order of reversal heretofore entered is vacated, and the order of Special Term appealed from is affirmed, without costs. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur. [See 286 App. Div. 1060, 1138.]